### HARDING v URICHO et

Ohio Common Pleas, Hamilton Co

Decided Jan 7, 1937

I. L. Huddle, Cincinnati, for plaintiff.
Benjamin S. Schwartz, Cincinnati, and Joseph L. Meyer, Cincinnati, for defendants.

## OPINION

By STRUBLE, J.

This cause is before the court on demurrer to the second defense, in the answer of Robert Uricho, Jr., on the ground that the same is insufficient in law to constitute a defense.

The second defense is set forth in this answer in the following language:

"This defendant says that on the 7th day of March, 1934, in the Western Division of the Southern District of Ohio, of the District Court of United States, he was adjudicated a bankrupt and on the 25th day of June, 1934, was fully discharged by said court of and from all his debts owing by him at the time he was adjudicated a bankrupt.

"This defendant further says that the alleged claim of plaintiff against this defendant accrued prior to this defendant being adjudicated a bankrupt; that plaintiff's claim was provable in said bankruptcy proceeding and that by reason of this defendant's discharge in said bankruptcy proceeding, plaintiff's alleged claim has been discharged and therefore judgment should be rendered for this defendant.

"Wherefore, this defendant prays that he may go hence without day at plaintiff's costs."

Plaintiff filed this action December 20, 1930, approximately three and one-half years before the defendant was adjudged a bankrupt.

Plaintiff alleges that she was the sole owner and proprietor of a restaurant business located at No. 623 Main Street; that she was a sub-tenant of the defendants herein of the room and appurtenances located at 623 Main Street, by assignment of lease to her, with the written consent of the defendants herein; that at some time after the close of business on the 13th day of December, 1930, the defendants wrongfully entered into said business room, changed the locks on all the doors leading to said business room, thereby preventing this plaintiff and her employees from continuing in said business; that the said defendants have wrongfully converted to their said use, the good will of her said business, together with all other chattel property and fixtures used by her in connection with said business. Following these allegations

is a description of the chattel property in said room, and then plaintiff further alleges that after converting said property aforesaid, the defendant did on the 15th day of December open said restaurant business, as their own business, and since said date, up to the time of the filing of this petition, assumed exclusive control of said business and exercised dominion over all the property of the plaintiff as aforesaid.

From these allegations, we gather, that the basis of plaintiff's right to use this room and personal property in her restaurant business was the lease which she held from the defendants, one of whom was the defendant Robert Uricho, Jr. This being so, it was plaintiff's possession of this room and personal property that was destroyed by the action of the defendants in repossessing the property.

The lease under which plaintiff was occupying this room and using this personal property gave the plaintiff the right of quiet enjoyment, undisturbed possession of the same, so, plaintiff's action, it seems to me, is to be construed as an action for damages or breach of the covenant for quiet enjoyment of the premises and personal property.

The plaintiff charges the defendants with a conversion of this property, of which she had merely the right to use, not the right of property or rather ownership; so the damages, if any, suffered by plaintiff, it seems to the court, is the actual loss to plaintiff, which would not be the value of the property which she did not own, but the value of the use of the property for the remainder of the term, which use she was deprived of by the defendants taking possession of the property.

The plaintiff is claiming that her damages is the reasonable value of the chattel property and of the good will, when, as we construe the allegations of her petition, what she lost was merely the use of this property. We mention this to indicate the more reason for construing plaintiff's action as one for damages for breach of the lease, rather than as one for conversion, but this probably is of no great importance in considering the demurrer, because if plaintiff's action is for a breach of the lease its source or basis is the lease, and if for conversion it arises out of the lease.

We conclude that plaintiff's claim, although unliquidated is of the class of unliquidated claims that might have been proven in the bankruptcy proceeding under §63-

B of the Bankruptcy Act, by application to the court for authority and direction as to the manner of liquidating the same as a condition precedent to proof of the same.

We quote from Loveland on Bankruptcy, §291, p. 602, the following:

"It may be said generally that a claim for unliquidated damages to the person or his property, sounding in tort and not based upon contract, can not be liquidated. But if the claim arises ex delicto and is also of such a character as to constitute a claim arising in contract, it is provable and may be liquidated."

Numerous cases are cited by the author in support of this statement.

Of the cases cited we quote from the syllabus in Crawford v Burke, 195 U. S., p. 176, the following:

"A debt, originating or founded upon an open account or upon a contract express or implied, is provable against the bankrupt's estate, though the creditor may have elected to bring his action in trover as for a fraudulent conversion instead of in assumpsit upon an open account."

Also from F. L. Grant Shoe Co. v W. M. Laird Co., 212 U. S. p. 446, as follows:

"Provable claims, on which a petition to have the debtor adjudicated a bankrupt under §59b of the Bankruptcy Act can be based, are claims that can be proved in the proceedings, and a liquidation may be ordered on the filing of the petition to ascertain whether the petition is based on a provable claim.

"A provable claim may be based on the breach of an express warranty."

Another case in point is In re Pennywell, 119 Fed. Rep. 139, from which we quote the following paragraph from the syllabus:

"A lessee cannot prove a claim for damages for breach of a covenant for quiet enjoyment in a lease against the estate of his lessor in bankruptcy because of his eviction after the filing of the petition in bankruptcy."

It is to be noted that plaintiff's claim accrued at the time of the breach of the covenant of the lease for quiet enjoyment, which was approximately three and one-half years before the defendant filed his proceedings in bankruptcy.

We conclude for the foregoing reasons that the demurrer should be sustained.